1  John Arai Mitchell [State Bar No. 180784]
   ARAI MITCHELL
2  453 South Spring Street, Suite 930
   Los Angeles, California 90013
3  Telephone:  213.622.2324
   Facsimile:  213.622.2325
4
   Attorney for Specially Appearing
5  Defendant MON RESTAURANT
   GROUP, INC.
6
7
8                    **UNITED STATES DISTRICT COURT**
9
10                   **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PERLA MAGENO, an individual, | Case No. 2:25-cv-07966 |
| Plaintiff, | **DEFENDANTS MON RESTAURANT GROUP, INC.'S  NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 (a) AND (c); CONSENT TO REMOVAL BY MON GROUP CALIFORNIA, INC.** |
| vs. | |
| MON RESTAURANT GROUP, INC., a Nevada corporation; MON GROUP CALIFORNIA, INC., a California Corporation; and DOES 1-10, inclusive | |
| Defendants. | Removed from:<br><br>Superior Court of California, Los Angeles County<br>Case No. 24NNCV04203 |

TO THE CLERK OF UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTFF PERLA MAGENO AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441(a) and (c), defendant Mon Restaurant Group, Inc. ("MRG") hereby makes a special appearance to remove the state court action described herein to this Court. This case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and may be properly removed to this Court pursuant to 28 U.S.C. §1441(a) and (c). In compliance with 28 U.S.C § 1446, MRG asserts the following grounds for removal.

## I. INTRODUCTION

1. On or about 11 August 2024, Plaintiff commenced the action against MRG by filing a complaint in the Superior Court of the State of California, County of Los Angeles ("Los Angeles Superior Court") entitled *Perla Mageno v. Mon Restaurant Group, Inc.*, case no. 22NNCV04203 (the "State Court Action").

2. On or about 13 December 2024, MRG appeared specially to file a Notice of Removal of Civil Action. The case was removed to the United States District Court for the Central District of California and assigned case no. 24-cv-10737 MEMF(RAOx)

3. In a minute order dated 11 April 2025, Judge Ewusi-Mensah Frimpong of the United States District Court for the Central District of California entered a minute order remanding the case to the Los Angeles Superior Court.

4. On or about 18 July 2025, Plaintiff filed a First Amended Complaint for Damages and Injunctive Relief for Violations of the Unruh Civil Rights Act (the "First Amended Complaint").

5. On or about 15 August 2025, Plaintiff caused to be served on MRG the First Amended Complaint, a summons and other related documents. True and correct copies of Plaintiff's complaint and summons are attached to this Notice as Exhibit "A".

6. With the exception of the Notice of Removal dated 13 December 2024, MRG has not filed any papers or pleadings in the State Court Action.

7. The filing of this Notice of Removal is timely because less than 30-days since MRG was served.

8. Pursuant to 28 U.S.C. § 1446(d), MRG will serve written notice of the filing of this Notice of Removal to Plaintiff and will file a written notice of this Notice of Removal with the clerk for the Los Angeles Superior Court.

9. MRG appears in this case specially because it does not wish to waive its right to challenge the personal or subject matter of any state or federal court located in California. MRG believes that Plaintiff's claims must be adjudicated in the United States District Court for the State of Nevada.

## II. BASIS FOR REMOVAL

A. THIS CASE IS PROPERLY REMOVED FROM THE LOS ANGELES SUPERIOR COURT BECAUSE THIS COURT HAS ORIGINAL JURISDICTION OVER ALL CIVIL ACTIONS ARISING UNDER FEDERAL LAW, INCLUDING THE AMERICANS WITH DISABILITIES ACT.

10. A district court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The Americans with Disabilities Act, upon which Plaintiff bases her primary claim against MRG, is undeniably federal law under which Plaintiff's action arises.

2

11. In the First Amended Complaint, Plaintiff alleges numerous "Violations of the Americans with Disabilities Act", 42 U.S.C. § 12101, et seq. Specifically, Plaintiff alleges:

- She is a "visually-impaired and legally blind person who requires screen-reading software ('SRS') to read website content using a computer." First Amended Complaint, ¶ 1.
- MRG failed to "design, construct, and maintain its website, [www.monrestaruantgroup.com]…to be fully accessible and independently usable by Plaintiff and other blind or visually-impaired people." First Amended Complaint, ¶ 2.
- MGC is "a business establishment that owns and operates the restaurant Marugame Monzon located in Los Angeles." First Amended Complaint, ¶ 3.
- Defendants' website denies Plaintiff "full and equal access to the Website and therefore to its products and services offered thereby…in violation of Plaintiff's rights under the [sic] California's Unruh Civil rights Act (the "UCRA")". First Amended Complaint, ¶ 5.
- "Binding California law recognizes website accessibility claims **under the ADA** and the UCRA." First Amended Complaint, ¶ 40.
- "An abundance of other courts throughout California and the country have also held that commercial websites and mobile applications must be accessible **under the ADA** and UCRA." First Amended Complaint, ¶ 42.
- Defendants will deny "full and equal access to Plaintiff and other legally blind persons **until this Court orders appropriate injunctive relief compelling compliance with the ADA**." First Amended Complaint, ¶ 63.

- Defendants violate the UCRA "because the conduct alleged herein **violates various provisions of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. as amended by the ADA Amendments Act of 2008** (P.L. 110-325), as set forth above." First Amended Complaint, ¶ 68.
- "Section 51(f) of the Civil Code provides that a violation of the right of any individual **under the ADA** also constitutes a violation of the UCRA." First Amended Complaint, ¶ 68.

12. No doubt exists that this action arises under federal law and is therefore properly heard in this Court under its original jurisdiction. 28 U.S.C. § 1331. Supplemental jurisdiction exists over Plaintiffs claims based on the Unruh Civil Rights Act (Cal. Civil Code § 51 et. seq.). 28 U.S.C. § 1367.

B. <u>VENUE IS PROPER IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA BECAUSE THE STATE COURT ACTION WAS FILED IN LOS ANGELES COUNTY</u>.

13. Pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a), Venue is proper in the United States District Court for the Northern District of California because this Court's territorial jurisdiction includes Los Angeles County, where Plaintiff commenced this case.

C. <u>DEFENDANT MON GROUP CALIFORNIA CONSENTS TO THE REMOVAL OF THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA</u>.

Pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Defendant Mon Group California consents to this removal. Out of an abundance of caution, Mon Group California has also signed this Notice of Removal indicating their consent.

4

### III. CONCLUSION

Defendant Mon Restaurant Group, Inc. respectfully give notice that the civil action entitled *Perla Mageno v. Mon Restaurant Group, Inc.*, currently pending in the Superior Court of the State of California, County of Los Angeles, case no. 22NNCV04203, is removed to this Court pursuant to 28 U.S.C §§ 1331, 1441 and 1446.

Dated: 22 August 2025                                   ARAI MITCHELL

*John Arai Mitchell*
―――――――――――――――――――
 JOHN ARAI MITCHELL
Attorney for Specially Appearing
defendant MON RESTAURANT GROUP, INC.

## CONSENT TO REMOVAL

Defendant Mon Group California Inc. hereby consents to the removal to the United States District Court for the Central District of California of the case entitled *Mageno v. Mon Restaurant Group, Inc. et al.*, Los Angeles Superior Court Case No. 24NNCV04203, pursuant to 28 U.S.C. § 1446(b)(2)(a), which requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."

Dated: 22 August 2025                ARAI MITCHELL

*John Arai Mitchell*
_____
JOHN ARAI MITCHELL
Attorney for defendant
MON GROUP CALIFORNIA, INC.