Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
26100 Towne Centre Drive
Foothill Ranch, CA 92610
Office: (949) 200-8755
Fax: (866) 843-8308
DisabilityRights@manninglawoffice.com

Attorney for Plaintiff Perla Mageno

**FILED**
Superior Court of California
County of Los Angeles
07/18/2025
David W. Slayton, Executive Officer/Clerk of Court
By: _____ K. Carrillo _____ Deputy

*Electronically Received 07/18/2025 05:04 PM*

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

PERLA MAGENO, an individual,

       Plaintiff,

v.

MON RESTAURANT GROUP INC., a Nevada corporation; MON GROUP CALIFORNIA, INC., a California corporation; and DOES 1-10, inclusive,

       Defendants.

Case No. 24NNCV04203

**First Amended Complaint For Damages And Injunctive Relief For:**

    **1. Violations of the Unruh Civil Rights Act (Cal. Civil Code § 51, *et seq.*)**

Plaintiff PERLA MAGENO ("Plaintiff") alleges the following upon information and belief based upon investigation of counsel, except as to Plaintiff's own acts, which Plaintiff alleges upon personal knowledge:

**INTRODUCTION**

1.    Plaintiff is a visually-impaired and legally blind person who requires screen-reading software ("SRS") to read website content using a computer. Plaintiff uses the terms "blind" or "visually-impaired" to refer to all people with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

2.      Plaintiff brings this civil rights action against MON RESTAURANT GROUP INC., a Nevada corporation, ("MRG") for its failure to design, construct, maintain, and operate its website (hereinafter the "Website" or "Defendant's Website" which shall refer to www.monrestaurantgroup.com, and any other website operated by or controlled by MRG as well as any third party content which is located on or used in connection with www.monrestaurantgroup.com and any other website operated by or controlled by MRG, for the purposes described herein) to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people.

3.      Plaintiff brings this civil rights action against MON GROUP CALIFORNIA, INC., a California corporation, ("MGC"), which is a business establishment that owns and operates the restaurant Marugame Monzo located in Los Angeles. (MGC and MRG are collectively referred herein as "Defendants.")

4.      Defendants' Website denies Plaintiff and other legally blind persons full and equal access to the Website and therefore to the products and services offered thereby and in conjunction with the Marugame Monzo restaurant in violation of Plaintiff's rights under the California's Unruh Civil Rights Act (the "UCRA").

5.      The California Legislature provided a clear and statewide mandate for the elimination of discrimination against individuals with disabilities when it enacted the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* Discrimination sought to be eliminated by the UCRA includes barriers to full integration, independent living, and equal opportunity for individuals with disabilities, which then necessarily includes barriers created by websites and other places of public accommodation that are inaccessible to blind and visually-impaired individuals.

6.      Because Defendants' Website is not equally, independently, or fully accessible to blind and visually-impaired consumers in violation of the UCRA, Plaintiff seeks a permanent injunction to cause a change in Defendants' corporate policies, practices, and procedures so that Defendants' Website will become and remain accessible to blind and visually-impaired consumers who require the use of SRS to access the Website.

---

**FIRST AMENDED COMPLAINT**

2

**JURISDICTION AND VENUE**

7.    Defendants conducted and continue to conduct substantial business in the State of California, County of Los Angeles, and Defendant's offending Website is available throughout California.

8.    Defendants conduct substantial business in Los Angeles County.

9.    A substantial portion of the conduct complained of herein occurred in this District.

**PARTIES**

10.    Plaintiff, at all times relevant and as alleged herein, is a resident of California, County of Los Angeles. Plaintiff is legally blind and cannot use a computer without the assistance of SRS.  However, Plaintiff is a proficient user of SRS and uses it to access the internet.  Plaintiff has visited the Website on separate occasions using SRS.  During Plaintiff's separate visits to Defendant's Website, Plaintiff encountered multiple access barriers which denied Plaintiff full and equal access to the facilities, goods, and services offered to the public and made available to the public on Defendant's Website. Due to the widespread access barriers Plaintiff encountered on Defendant's Website, Plaintiff has been deterred obtaining full and equal access to the Website.

11.    Plaintiff did not encounter, nor does she in any way base her claims alleged herein, upon the presence of any physical or architectural barrier in any public place of accommodation.

12.    Plaintiff wants to avail herself of Defendants' goods and services as offered on Defendant's Website, including the service that is the Website itself.

13.    Plaintiff also evaluated the Website for full and equal access to Plaintiff and other legally blind persons.

14.    Plaintiff is also a civil rights advocate for the disabled to determine compliance with the UCRA.

15.    Plaintiff has filed multiple lawsuits against various operators of commercial websites as part of Plaintiffs advocacy work on behalf of the civil rights of visually-impaired persons.

16.    Plaintiff intends to continue to engage in such advocacy work into the foreseeable future to ensure that Defendants' commercial Website and others are fully and equally enjoyable to

**FIRST AMENDED COMPLAINT**

3

1    and usable by visually-impaired persons, including herself.

2        17.    Plaintiff is being deterred from patronizing the Defendants' Website and/or brick-

3    and-mortar locations on particular occasions.

4        18.    Plaintiff has standing to sue Defendants under the UCRA.   As the California

5    Supreme Court explained in *Angelucci v. Century Supper Club*, 4l Cal.4th 160 (2007),"an

6    individual plaintiff has standing under the [Unruh Civil Rights] Act if he or she has been the victim

7    of the defendant's discriminatory act." *Id.* at l75.

8        19.    Plaintiff is informed and believes, and thereon alleges that Defendant MRG is a

9    Nevada corporation, and has its principal place of business in Las Vegas, NV.

10        20.    Plaintiff is informed and believes, and thereon alleges Defendant MGC is a

11    California Corporation, and has its principal place of business in Los Angeles, CA.

12        21.    Defendant MGC operates a brick-and-mortar location in Los Angeles County,

13    California. Defendant's brick-and-mortar locations constitute places of public accommodation and

14    business establishment.

15        22.    Defendant MRG's Website provides consumers with access to an array of goods,

16    services, and information related to MGC's brick-and-mortar locations in Los Angeles including:

17    menu descriptions, online ordering, contact options, location information, career opportunities,

18    pricing details, and/or many other benefits.

19        23.    The true names and capacities of the Defendants sued herein as DOES 1 through

20    10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious

21    names.

22        24.    Each of the Defendants designated herein as a DOE is legally responsible for the

23    unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this First Amended

24    Complaint to reflect the true names and capacities of the DOE Defendants when such identities

25    become known.

26        25.    At all relevant times as alleged herein, each and every Defendant was acting as an

27    agent and/or employee of each of the other Defendants and was acting within the course and/or

28    scope of said agency and/or employment with the full knowledge and consent of each of the

---

**FIRST AMENDED COMPLAINT**

4

1    Defendants.

2        26.    Each of the acts and/or omissions complained of herein were alleged and made

3    known to, and ratified by, each of the other Defendants (Defendants MRG and MGC, together

4    with any DOE Defendants, are collectively referred to hereinafter as "Defendants").

5                **VISUALLY-IMPAIRED PERSONS' ACCESS TO THE INTERNET**

6        27.    The Internet has become a significant source of information, a portal, and a tool for

7    conducting business, doing everyday activities such as shopping, learning, banking, researching, as

8    well as many other activities for sighted, blind and visually-impaired persons alike.

9        28.    As an essential tool for many Americans, when accessible, the Internet provides

10   individuals with disabilities great independence.

11       29.    Blind persons are able to access websites using keyboards in conjunction with SRS

12   that vocalizes the visual information found on a computer screen.  This technology is known as

13   screen-reading software.

14       30.    Except for legally blind individuals whose residual vision allows them to use

15   magnification, screen-reading software is currently the only method a blind person can fully and

16   independently access the internet.

17       31.    Blind and visually-impaired users of Windows computers and devices have several

18   screen-reading software programs available to them.

19       32.    Job Access With Speech, otherwise known as "JAWS," is currently the most

20   popular, separately SRS available for Windows.

21       33.    For SRS to function, the information on a website must be capable of being

22   rendered into text.  If the website content is not capable of being rendered into text, the blind or

23   visually-impaired user is unable to access the same content available to sighted users using their

24   keyboards because they are unable to see the screen or manipulate a mouse.

25       34.    SRS is currently the only method a blind or visually-impaired person may

26   independently access the internet, websites, and other digital content.

27

28

---

**FIRST AMENDED COMPLAINT**

5

35.    If the website content is not capable of being rendered into text, the blind or visually-impaired user is unable to access and navigate the same content on a website or mobile app that is available to sighted users.

36.    There are well-established industry adopted guidelines for making websites accessible to visually-impaired people who require screen-reading software programs. These guidelines have existed for at least several years and are successfully followed by large business entities who want to ensure their websites are accessible to all persons.

37.    The Web Accessibility Initiative ("WAI"), an initiative of the World Wide Web Consortium developed guidelines on website accessibility.

38.    Through Section 508 of the Rehabilitation Act, the federal government also promulgated website accessibility standards. These guidelines, easily found on the Internet, recommend several basic components for making websites accessible, including, but not limited to: adding invisible Alt-text to graphics; ensuring all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible; and adding headings so blind and visually-impaired people can navigate websites and mobile applications just as sighted people do. Without these basic components, websites and mobile applications are inaccessible to a blind person using SRS.

39.    Common barriers encountered by blind and visually-impaired persons include, but are not limited to, the following:

        a.    A text equivalent for every non-text element is not provided;

        b.    Title frames with text are not provided for identification and navigation;

        c.    Equivalent text is not provided when using scripts;

        d.    Forms with the same information and functionality as for sighted persons are not provided;

        e.    Information about the meaning and structure of content is not conveyed by more than the visual presentation of content;

        f.    Text cannot be resized without assistive technology up to 200 percent without loss of content or functionality;

**FIRST AMENDED COMPLAINT**

6

g.  If the content enforces a time limit, the user is not able to extend, adjust, or disable it;

h.  Web pages do not have titles that describe the topic or purpose;

i.  The purpose of each link cannot be determined from the link text alone or from the link text and its programmatically determined link context;

j.  One or more keyboard operable user interface lacks a mode of operation where the keyboard focus indicator is discernible;

k.  The default human language of each web page cannot be programmatically determined;

l.  When a component receives focus, it may initiate a change in context;

m.  Changing the setting of a user interface component may automatically cause a change of context where the user has not been advised before using the component;

n.  Labels or instructions are not provided when content requires user input;

o.  In content which is implemented by using markup languages, elements do not have complete start and end tags, elements are not nested according to their specifications, elements may contain duplicate attributes and/or any IDs are not unique;

p.  Inaccessible Portable Document Format (PDFs); and,

q.  The name and role of all User Interface elements cannot be programmatically determined; items that can be set by the user cannot be programmatically set; and/or notification of changes to these items is not available to user agents, including screen-reading software.

40.  Binding California law recognizes website accessibility claims under the ADA and the UCRA.

41.  In September 2019, California Court of Appeal in *Thurston v. Midvale Corp.*, 39 Cal. App. 5th 634 (2019), held that businesses are accountable for the inaccessibility of websites and for content of third parties with whom they contract to provide services to customers (map

---

**FIRST AMENDED COMPLAINT**

programs, reservations, sales etc.), that the trial court did not violate defendant's due process rights by imposing WCAG 2.0 AA compliance standards for injunctive relief, that the injunction was not overbroad or uncertain, and that plaintiff had standing to obtain injunction under the Unruh Act because she visited the website and encountered barriers to access. In June 2020, California Court of Appeal in *Martinez v. San Diego County Credit Union*, 50 Cal.App.5th 1048 (2020), also held that there is a sufficient nexus between a website and place of public accommodation if the website permits the customer to research and prepare before going to the physical facility, including to make informed decisions about its products and services.

42.     An abundance of other courts throughout California and the country have also held that commercial websites and mobile applications must be accessible under the ADA and UCRA.

43.     Each of Defendants' violations of the Americans with Disabilities Act constitutes a violation of the UCRA.  Cal. Civ. Code § 51(f).

## FACTUAL BACKGROUND

44.     Defendants offer their commercial Website to the public.

45.     The Website offers features which should allow all consumers to access the goods and services offered in connection with its brick-and-mortar locations.  The Website itself is also a service offered to the public.

46.     The Website provides consumers with access to an array of goods, services, and information related to Defendant's brick-and-mortar locations which include, but are not limited to, the following: menu descriptions, online ordering, contact options, location information, career opportunities, pricing details, and/or many other benefits.

47.     Based on information and belief, it is Defendants' policy and practice to deny Plaintiff, along with other blind or visually-impaired users, access to Defendants' Website, and to therefore specifically deny the goods and services that are offered and integrated with Defendants brick-and-mortar locations and otherwise.

48.     Due to Defendants' failure and refusal to remove access barriers to its Website, Plaintiff and visually-impaired persons have been and are still being denied equal access to Defendants' brick-and-mortar locations and the numerous goods, services, privileges, and benefits

**FIRST AMENDED COMPLAINT**

8

1    offered to the public through Defendant's Website, including the Website itself.

2       49. Plaintiff cannot use a computer without the assistance of SRS.

3       50. Plaintiff is a proficient user of SRS and uses it to access the Internet.

4       51. Plaintiff's SRS is the current version and is up to date.

5       52. Plaintiff has visited Defendant's Website on separate occasions using SRS.

6       53. While attempting to navigate the Website, Plaintiff encountered multiple

7    accessibility barriers for blind or visually-impaired people that include, but are not limited to:

8        a. The home page has graphics, links, and buttons that are not labeled or are

9         incorrectly labeled, or lack alternative text ("Alt-text"). Alt-text is invisible

10        code embedded beneath a graphical image on a website.  Web accessibility

11        requires that Alt-text be coded with each picture so that screen-reading

12        software can speak the Alt-text where a sighted user sees pictures.  Alt-text

13        does not change the visual presentation, but instead a text box shows when

14        the cursor moves over the picture.  The lack of Alt-text on these graphics

15        prevents screen-readers from accurately vocalizing a description of the

16        graphics;

17       b. Plaintiff encountered multiple unlabeled or mislabeled buttons and links.

18        Without descriptive alternate text, Plaintiffs, and other screen-reader users,

19        have no way to discern the purpose or function of the button or link;

20       c. Plaintiff encountered multiple pages containing insufficient navigational

21        headings requiring Plaintiff to expend substantial additional time to access

22        information;

23       d. Plaintiff was unable to browse the menu because menu links and

24        descriptions were inaccessible to SRS; and,

25       e. Plaintiff was unable to place an order because of an inaccessible order

26        system.

27      54. Due to the unlabeled buttons, lack of Alt-text, the structure of the headings and

28   Website, cursor traps, and other barriers, Plaintiff was unable to fully and independently access the

---

**FIRST AMENDED COMPLAINT**

9

1  Website when visiting for the dual purpose of confirming compliance with the UCRA and to

2  browse the menu before visiting the Los Angeles location.

3       55.    As a visually disabled person, it is Plaintiff's habit and custom to review menus

4  before visiting restaurants so she is not dependent on sighted assistance. Plaintiff intended to visit

5  Defendant's brick-and-mortar location located in Los Angeles, CA. Due to the inaccessibility of

6  Defendants' Website, Plaintiff was unable to review the menu. This prevented Plaintiff's equal

7  enjoyment of Defendants' brick-and-mortar location and continues to deter Plaintiff from visiting.

8       56.    Since as early as August 20, 2024, August 21, 2024, and until the current date,

9  during Plaintiff's separate visits to the Website, Plaintiff encountered multiple access barriers

10  which denied Plaintiff full and equal access to the facilities, goods, and services offered to the

11  public and made available to the public on the Website.

12       57.    Due to the widespread access barriers Plaintiff encountered on the Website,

13  Plaintiff has been deterred, on a regular basis, from accessing the Website.  Similarly, the access

14  barriers Plaintiff encountered on the Website have deterred Plaintiff from visiting Defendants'

15  brick-and-mortar locations.

16       58.    If the Website were equally accessible to all, Plaintiff could independently navigate

17  the Website as sighted individuals do.

18       59.    Having attempted to use the Website, Plaintiff has actual knowledge of the access

19  barriers that make these services inaccessible and independently unusable by blind and visually-

20  impaired people.

21       60.    There are readily available, well established guidelines, available to Defendant on

22  the Internet, for designing, constructing, and maintaining websites to be accessible to blind and

23  visually-impaired persons. Other large business entities have used these guidelines, or have

24  otherwise been able, to make their websites accessible, including but not limited to: adding Alt-

25  text to graphics and ensuring that all functions can be performed using a keyboard. In addition,

26  incorporating these basic changes and adding certain elements to Defendants' Website would not

27  fundamentally alter the nature of Defendants' business nor would it result in an undue burden to

28  Defendants. Because maintaining and providing a website where all functions can be performed

---

FIRST AMENDED COMPLAINT
10

1 using a keyboard would provide full, independent, and equal access to all consumers to the

2 Website, Plaintiff alleges that Defendants have engaged in acts of discrimination including, but not

3 limited to the following policies or practices:

4       a.  Construction and maintenance of a website that is inaccessible to visually-

5          impaired individuals, including Plaintiff;

6       b.  Failure to construct and maintain a website that is sufficiently intuitive so as

7          to be equally accessible to visually-impaired individuals, including Plaintiff;

8          and,

9       c.  Failure to take actions to correct these access barriers in the face of

10          substantial harm and discrimination to blind and visually-impaired

11          consumers, such as Plaintiff, as a member of a protected class.

12     61.    Although Defendants may currently have centralized policies for maintenance and

13 operation of the Website, Defendants lack a plan and policy reasonably calculated to make its

14 website fully and equally accessible to, and independently usable by, blind and other visually-

15 impaired consumers, including Plaintiff.

16     62.    Without injunctive relief, Plaintiff and other visually-impaired consumers will

17 continue to be unable to independently use Defendants' Website in violation of their rights.

18     63.    Defendants continue to operate the Website while providing insufficient full and

19 equal access by legally blind persons, including Plaintiff and other persons with visual

20 impairments, and will continue to do so and thereby deny full and equal access to Plaintiff and

21 other legally blind persons until this Court orders appropriate injunctive relief compelling

22 compliance with the ADA.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq.* [WWW.MONRESTAURANTGROUP.COM]

### (By Plaintiff Against All Defendants)

27     64.    Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and

28 each and every other paragraph in this First Amended Complaint necessary or helpful to state this

1  cause of action as though fully set forth herein.

2       65.    California Civil Code § 51 *et seq.* guarantees equal access for people with

3  disabilities to the accommodations, advantages, facilities, privileges, and services of all business

4  establishments of any kind whatsoever.  Defendant is systematically violating the UCRA, Civil

5  Code § 51 *et seq.*

6       66.    Defendants' brick-and-mortar locations are "business establishments" within the

7  meaning of the Civil Code § 51 *et seq.*  Defendants generate revenue through the Website.

8  Defendants' Website is a service provided by Defendants that is inaccessible to patrons who are

9  blind or visually-impaired like Plaintiff.  This inaccessibility denies blind and visually-impaired

10  patrons full and equal access to the facilities, goods, and services that Defendants makes available

11  to the non-disabled public, including the service of the Website itself.  Defendants are violating the

12  UCRA, Civil Code § 51 *et seq.*, by denying visually-impaired customers the goods and services

13  provided on its Website.  These violations are ongoing.

14       67.    Defendants' actions constitute intentional discrimination against Plaintiff on the

15  basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because of the following:

16  Defendants have constructed a website that is inaccessible to Plaintiff; Defendants maintain the

17  Website in this inaccessible format; and, Defendants have failed to take action to correct and

18  remove these barriers that cause discrimination to persons with Plaintiff's disability.

19       68.    Defendants are also violating the UCRA, Civil Code § 51 *et seq.* because the

20  conduct alleged herein violates various provisions of the Americans with Disabilities Act, 42

21  U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325), as set

22  forth above.  Section 51(f) of the Civil Code provides that a violation of the right of any individual

23  under the ADA also constitutes a violation of the UCRA.

24       69.    The actions of Defendants violate UCRA, Civil Code § 51 *et seq.*, and Plaintiff is

25  therefore entitled to injunctive relief remedying the discrimination. Plaintiff expressly limits the

26  cost of injunctive relief sought to $50,000 or less.

27

28

---

**FIRST AMENDED COMPLAINT**

70.      Plaintiff is entitled to statutory minimum damages pursuant to Civil Code § 52 for each and every offense; however, Plaintiff hereby expressly limits the amount of money such that the total amount Plaintiff seeks to for each and every offense shall not exceed $24,999.00.

71.      Plaintiff is also entitled to reasonable attorneys' fees and costs.

## PRAYER

**WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:**

1.      A Declaratory Judgment that at the commencement of this action Defendants owns, maintains, and/or operates the Website in a manner which discriminates against the blind, fails to provide access to blind or visually-impaired individuals, and that Defendants took no action that was reasonably calculated to ensure that the Website is fully accessible to, and independently usable by blind and visually-impaired individuals in violation of the UCRA;

2.      A preliminary and permanent injunction enjoining Defendants from further violations of the UCRA, Civil Code § 51 *et seq.* with respect to www.monrestaurantgroup.com; however, Plaintiff hereby expressly limits the injunctive relief to require that Defendants expend no more than $50,000 thereon;

3.      Plaintiff seeks no relief related to any architectural barriers to access in this First Amended Complaint and expressly limits all claims to injunctive relief to modifications of Defendant's policies and procedures related to the Website;

4.      An award of statutory minimum statutory damages of not less than $4,000 per violation pursuant to § 52(a) of the California Civil Code; **Note**: Plaintiff is not invoking California Civil Code § 55 and is not seeking injunctive relief under the Disabled Persons Act at all.

5.      As an additional violation, minimum statutory damages of not less than $4,000.00 for deterrence; and

6.      For reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to Civil Code Section 52.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this First Amended Complaint.

Dated:   March 12, 2025                                    **MANNING LAW, APC**

By: _____
Joseph R. Manning Jr., Esq.

Attorney for Plaintiff

---

**FIRST AMENDED COMPLAINT**
14

**AS TO FIRST AMENDED COMPLAINT:**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* MON RESTAURANT GROUP INC., a Nevada corporation; MON GROUP CALIFORNIA, INC., a California corporation; and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* PERLA MAGENO, an individual

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**Electronically FILED by
Superior Court of California,
County of Los Angeles
7/22/2025 10:59 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By C. Colbert, Deputy Clerk**
</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Superior Court of California, County of Los Angeles
3150 West Commonwealth, Alhambra, CA 91801

| CASE NUMBER:<br>*(Número del Caso):* | 24NNCV04203 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Joseph R. Manning, Jr. #223381
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Manning Law, APC
26100 Towne Centre Drive, Foothill Ranch, CA 92610                    949-200-8755

DATE:                                   Clerk, by      C. Colbert                  , Deputy
*(Fecha)*   07/22/2025         *(Secretario)* _____ *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)       [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder™